IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRISCILLA A. ELLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-1065-O |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Priscilla A. Ellis, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Michael Carr, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part without prejudice for want of jurisdiction and in part with prejudice as abusive.

## I. BACKGROUND

The history relevant to this case was set forth in the undersigned's October 8, 2019, Opinion and Order in Petitioner's prior habeas action under § 2241 as follows:

> In October 2017, in case number 8:15-cr-320-T-23TGW, [Petitioner] was sentenced to a term of imprisonment of 480 months in the United States District Court for the Middle District of Florida after being found guilty of the following offenses: conspiracy to commit mail and wire fraud (18 U.S.C. §§ 1341, 1343, 1349); and conspiracy to commit money laundering (18 U.S.C. §§ 1956(a)(2)(A), (B)(i), & (h)). In January 2018, in case number 8:16-cr-502-T-30BTM, also in the United States District Court for the Middle District of Florida, [Petitioner] was sentenced to a term of imprisonment of 65 years to run consecutive to the term of imprisonment imposed in case number 8:15-cr-320-T-23TGW, after being found guilty of various offenses in connection with retaliating against a witness (18 U.S.C. §§ 513(a) and 371, and 18

U.S.C. § 1513(a)(1)(A) and 18 U.S.C. 1958(a) (two counts each)).

Op. & Order, Ellis v. United States, No. 4:19-CV-786-O, ECF No. 4.

## II. ISSUES

In this petition, Petitioner presents a lengthy narrative in which she appears to challenge one or both of her criminal convictions and sentences in the Middle District of Florida and her solitary confinement in a "supermax" prison and other conditions of her confinement, most notably the imposition of Special Administrative Measures (SAMs) by the Attorney General. Pet. 1-7 & Ex. A, ECF No. 3; Resp't's Resp. 2, ECF No. 19; Resp't's App. 2, ECF No. 20. She seeks the following relief (all spelling, grammatical, and/or punctuation errors are in the original):

1. Appoint attorney, as [Petitioner] should have attorney through every phase of sentencing

2. Reverse the SAM order as unconstitutional and double jeopardy violating [Petitioner's] 1st, 5th, 6th, 8th, and 14th rights under the federal constitution.

3. Bring [Petitioner] back before the court to vacate/set aside sentence in case number 8:16-cr-00502-JSM-AEP as unconstitutional or to re sentence [Petitioner] as concurrent to the sentence that [Petitioner] is currently serving in case number 8:15-cr-00320-SDM-TGW-3 as currently the FBOP are running [Petitioner] sentence concurrently illegally, as it is not part of final sentence judgement

4. Demand that the FBOP provide [Petitioner] a copy of the signed application request with all signatures attached of whome requested to the Attorney Generla for the SAM order utilizing the false allegations and compel the FBOP to provide the name of the SAM agent and address assigned to [Petitioner]

5. Issue a temporary restraining order halting the SAM order while the court is making a decision

6. Restore [Petitioner]' visitation, email, legal mail and telephone privileges fully to include media contact and contact to the courts through legal mail at the prison and allow telephone contact with my daughter Victoria Ellis and

       face to face visitation

       Also allow access to the I.G., Attorney General, and all government offices that [Petitioner] would like to redress for complaints to go out through the legal mail system, so that [Petitioner] knows that the FBOP is not tampering with it and that it is actually going out for certain.

7.     Demand that [Petitioner] be relocated back to the main compound from the supermax prison as [Petitioner] has clear conduct

8.     All other relief that may be granted by this Honorable Court

9.     Vacate and remand for new trial/sentencing by the Middle District of Florida

10.    Demand that the FBOP allow me to buy legal copies in a timely manner to address the courts in a timely manner. Sometimes I wait 2-3 weeks for legal copies once I put in the request being back here in the supermax part of the prison.

Pet. 5, ECF No. 3.

**V. EXHAUSTION**

Respondent asserts that the petition should be denied based on Petitioner's failure to exhaust her administrative remedies, however one or more of Petitioner's claims do not require exhaustion and the remainder of her claims are not properly raised in a § 2241 petition. Resp't's Resp. 5, ECF No. 19.

**IV. DISCUSSION**

    **A. Appointment of Counsel**

To the extent Petitioner requests appointment of counsel, she was previously instructed that, in noncapital cases, there is no federal constitutional right to counsel for post-conviction collateral attacks. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Instead, the appointment of counsel is discretionary if the Court determines that the interests of justice so require and is statutorily required

if an evidentiary hearing is warranted. RULES GOVERNING SECTION 2254 CASES 8(c); 18 U.S.C. § 3006A(a)(2)(B); *Finley*, 481 U.S. at 555. Neither circumstances exist in this case.

### B. Challenge to Convictions and Sentences

To the extent Petitioner challenges her convictions and sentences in the Middle District of Florida, § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a federal conviction and sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). On the other hand, § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A § 2241 petition attacking a federal conviction or sentence may be considered only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of her detention. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) her claim(s) are based on a retroactively applicable United States Supreme Court decision, (2) her claim(s) were foreclosed by circuit law at the time when they should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that she may have been convicted of a nonexistent offense(s). *See Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner fails to satisfy these requirements in all respects. Petitioner has not identified any Supreme Court decision that retroactively applies to her cases. Nor has she asserted that she has been convicted of a nonexistent offense(s), or that her claims were, or will be, foreclosed by circuit law at trial, on appeal, or in a first § 2255 motion. A § 2241 petition is not an alternative to § 2255.

4

*Reyes-Requena,* 243 F.3d at 901. Nor can § 2241 be used to avoid procedural hurdles presented under § 2255, now or in the future. *See Jeffers*, 253 F.3d at 830; *Reyes-Requena,* 243 F.3d at 901; *Pack v. Yusuff,* 218 F.3d 448, 452-53 (5th Cir. 2000); *Tolliver,* 211 F.3d at 877. Because Petitioner fails to satisfy the *Reyes-Requena* requirements, she is not entitled to relief under § 2241 and the petition should be dismissed without prejudice for want of jurisdiction. *See Christopher v. Miles,* 342 F.3d 378, 379 (5th Cir. 2003).

### 3. Conditions of Confinement

To the extent Petitioner challenges her solitary confinement, the SAMs, and other restrictions on her privileges, Petitioner was previously informed that such claims, which do not effect the fact or duration of her sentences, are not cognizable in a habeas petition. Op. & Order, Ellis v. United States, No. 4:19-CV-786-O, ECF No. 4. Consequently, the petition, raising the same or similar claims raised in a prior habeas petition, is an abuse of the writ. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a pro se litigant has a history of submitting frivolous or repetitive claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). If Petitioner persists in doing so, she is WARNED that appropriate sanctions, which can include restrictions on the ability to file future actions without leave of court and/or monetary sanctions, may be imposed .

### IV. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 is **DISMISSED** in part without prejudice for want of jurisdiction and in part with prejudice as an abuse of the writ. A certificate of appealability is **DENIED**.

    **SO ORDERED** on this 7th day of May, 2020.

                                              _____
                                              Reed O'Connor
                                              **UNITED STATES DISTRICT JUDGE**